UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOE PITTS | CIVIL ACTION |
| VERSUS | NO. 20-87-JWD-SDJ |
| SAM'S EAST, INC., ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 8, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOE PITTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-87-JWD-SDJ** |
| **SAM'S EAST, INC., ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a motion by Plaintiff Sam Pitts to remand this matter to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (R. Doc. 5). Defendant Sam's East, Inc. opposes remand, filing a Memorandum in Opposition to Motion to Remand (R. Doc. 6).

For the reasons that follow, it is recommended that Plaintiff's Motion to Remand be **granted**, and that this matter should be **remanded** to the 19th Judicial District Court ("JDC") for the Parish of East Baton Rouge, State of Louisiana.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On May 29, 2019, Plaintiff filed suit against Defendants Sam's East, Inc. ("Sam's") and The Overhead Door Company of Shreveport, Inc. ("Overhead Door") in the 19th Judicial District Court.[1] Plaintiff claims that on January 7, 2019, he sustained injuries at Sam's, located at 7400 Youree Drive in Shreveport, Louisiana, "when a bay door failed because its retention spring broke during normal use."[2] Plaintiff asserts that Overhead Door "provided the door to Sam's and/or had responsibilities for maintaining the door."[3]

---

[1] R. Doc. 6-1, p. 1.
[2] R. Doc. 6-1, p. 2.
[3] R. Doc. 6-1, p. 2.

In August 2019, when providing responses to discovery requests from Plaintiff, Overhead Door submitted past invoices for Sam's reflecting that all maintenance work for Sam's ceased in 2014.[4] Despite this evidence, on October 18, 2019, Plaintiff filed his First Amended Petition, maintaining his allegations against Overhead Door and claiming that Overhead Door "provided the door to Sam's and/or had responsibilities for maintaining the door."[5] Subsequently, on January 29, 2020, a site inspection was conducted at Sam's during which the representative for Overhead Door stated that Overhead Door had neither manufactured or installed the bay door involved in Plaintiff's alleged incident.[6]

On February 14, 2020, Sam's removed this matter, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[7] Per Sam's, Overhead Door, a nondiverse party, was improperly joined, giving this Court jurisdiction over this matter.[8] Plaintiff, in response, filed a Motion to Remand on March 13, 2020, claiming that the Notice of Removal was untimely.[9] Specifically, Plaintiff argues that Sam's filed its Notice of Removal more than 30 days after receiving Plaintiff's Petition, which contained all the information necessary to determine improper joinder or, alternatively, more than 30 days after it could have determined Overhead Door was fraudulently joined "through a diligent investigation and response to Plaintiff's discovery requests," which constitute "other paper" under 28 U.S.C. § 1446(b).[10]

Sam's filed a Memorandum in Opposition to Motion to Remand on March 20, 2020, claiming that "January 29, 2020 is the undisputed objective date wherein it was ascertained that

---

[4] R. Doc. 5-7.
[5] R. Doc. 1-9, p. 285. Plaintiff filed his First Amended Petition following a grant of Exceptions of Vagueness and Non-Conformity filed by Sam's in state court. R. Doc. 6-4.
[6] R. Doc. 6, pp. 6, 8.
[7] R. Doc. 1, p. 2 ¶ 4.
[8] R. Doc. 1, p. 3 ¶ 12.
[9] R. Doc. 5, p. 1.
[10] R. Doc. 5, p. 1.

Plaintiff had no viable cause of action against non-diverse defendant, [Overhead Door]."[11]  As argued by Sam's, because it filed its Notice of Removal within 30 days of the site visit, removal was timely.

## II.   LAW AND ANALYSIS

A party may remove an action from state court to federal court if the action is one over which the federal court has subject matter jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations omitted). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Bartel v. Am. Export Isbrandtsen*, 64 F.Supp.3d 856, 862 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

28 U.S.C. § 1446 sets forth the general procedure for removal. *See Vinson v. Sheraton Operating Corp.*, No. 01-1444, 2001 WL 1090793, at *1 (E.D. La. Sept. 14, 2001).  Generally, a civil action must be removed within 30 days after the defendant received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).  However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).  "The information supporting removal in a copy of an amended pleading, motion, order or other paper

---

[11] R. Doc. 6, p. 8.

… must be unequivocally clear and certain to start the time limit running." *Bourgeois v. Huntington Ingalls Inc.*, No. 20-1002, 2020 WL 2488026, at *3 (E.D. La. May 14, 2020) (quoting *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608-09 (5th Cir. 2018)).

"While the language of § 1446(b) does not expressly mention fraudulent joinder, courts have held that defendants have thirty days to remove a case once they discover the existence of fraudulent joinder." *Ayres v. Sears*, 571 F.Supp.2d 768, 772-73 (W.D. Tex. 2008) (citations omitted); *see also Delaney v. Viking Freight, Inc.*, 41 F.Supp.2d 672, 674 (E.D. Tex. 1999) ("In the fraudulent joinder context, a defendant has 30 days from the date that the fraudulent joinder could first be ascertained in which to file a notice of removal.") (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993)); *Delatte v. Zurich Ins. Co.*, 683 F.Supp. 1062, 1064 (M.D. La. 1988) (finding removal on the basis of fraudulent joinder untimely when it was not done within 30 days of the nondiverse defendants' settlements with plaintiff).

"Removal statutes are to be construed strictly against removal and for remand, and a failure to timely file a notice of removal is a defect that requires remand to state court." *Delaney*, 41 F.Supp.2d at 674 (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982)) (internal quotations omitted).

### A. Citizenship of the Parties

Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Here, Plaintiff is a citizen of Texas.[12] For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated

---

[12] R. Doc. 1, p. 2 ¶ 7.

and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Sam's is incorporated in Arkansas and also has its principal place of business there.[13] As such, it is an Arkansas citizen. Overhead Door is incorporated in Louisiana, with its principal place of business is in Shreveport, Louisiana, and therefore is a citizen of Louisiana.[14] However, under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As a citizen of Louisiana, Overhead Door is a nondiverse party. However, Sam's argues that Overhead Door is an improperly joined party, such that its citizenship should not be considered in determining jurisdiction.[15]

### B. Improper Joinder of Overhead Door

When a nondiverse party is properly joined as a defendant, the case may not be removed under 28 U.S.C. § 1332. *Schaefer v. Kodiak Mfg. Inc.*, No. 11-619, 2011 WL 1656081, at *2 (E.D. La. May 2, 2011). However, a defendant may remove by showing that the nondiverse party was improperly joined.[16] *Id.* (citing *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003)); *see also Turbine Generation Servs. LLC v. Gen. Elec. Co.*, No. 19-1257, 2020 WL 2758971, at *3 (W.D. La. Mar. 27, 2020) ("The improper joinder doctrine is a narrow exception to the complete diversity rule.") (citing *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The burden of proving improper joinder to prevent diversity is a heavy one that rests on the removing party. *Skidmore v. Beech Aircraft Corp.*, 672 F.Supp. 923, 925 (M.D. La. 1987)

---

[13] R. Doc. 1, p. 2 ¶ 8.
[14] R. Doc. 1, p. 3 ¶ 10.
[15] R. Doc. 1, p. 3 ¶ 12.
[16] "While the Fifth Circuit uses the term 'fraudulent joinder' and 'improper joinder' interchangeably, the preferred term is 'improper joinder'." *Ayres*, 571 F.Supp.2d at 772 n.3 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 n.1 (5th Cir. 2004)). In their pleadings, the parties use the term "fraudulent joinder." However, because "improper joinder" is the preferred term, the Court will use it here, as possible.

(citations omitted). Improper joinder is established by demonstrating either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against a nondiverse party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Here, according to Sam's, Trey Turner, the corporate representative of Overhead Door, stated at the January 29, 2020 site inspection that Overheard Door "did not manufacture nor install the alleged overhead door involved in Plaintiff's incident" and that it "had nothing to do with the alleged overheard door involved in Plaintiff's incident."[17] Sam's further asserts that immediately after the site inspection, counsel for all parties discussed the inspection, at which time Plaintiff's counsel agreed to dismiss Overhead Door from this litigation and canceled the deposition of Overhead Door's corporate representative scheduled for the following day.[18] Thus, because Overhead Door did not manufacture or install the bay door here at issue, and because Overheard Door ceased maintenance on doors for Sam's in 2014, years before Plaintiff's incident, no cause of action can be brought against Overheard Door. As such, per Sam's, it is an improperly joined party.

Plaintiff does not challenge these assertions. In fact, in his Motion to Remand, Plaintiff specifically states that he "does not contest fraudulent joinder."[19] The question of the improper joinder of Overhead Door, therefore, is not in dispute. *See Delaney*, 41 F.Supp.2d at 674 ("Plaintiffs acknowledge that there is no reasonable basis for predicting that Texas law would

---

[17] R. Doc. 6, p. 6 (citing Affidavit of Valerie Theng Matherne, R. Doc. 1-1).
[18] R. Doc. 6, p. 6.
[19] R. Doc. 5-1, p. 3. In addition, Plaintiff states, "Through discovery, Plaintiff acknowledges that Overhead Door did not install, inspect, or maintain the faulty bay-door. Plaintiff has intended to dismiss the party from the lawsuit upon Sam's East identifying for Plaintiff the proper defendant to substitute." R. Doc. 5-1, p. 3 n.1.

impose liability on Central Freight in this case. Thus, the question of whether that party was fraudulently joined is not in dispute.").

### C. Timeliness of Removal

Given that Overhead Door is an improperly joined party, the Court must then determine whether Defendant's February 14, 2020 removal of the case was timely under § 1446(b).

#### 1. Whether January 29, 2020, is the date that triggered the 30-day removal deadline

The Court must first determine on which day the improper joinder of Overhead Door was sufficiently ascertainable as to trigger the 30-day time limit for removal set forth in § 1446(b). Sam's asserts removal was timely under § 1446(b) because it removed the case within thirty (30) days of the determination that Overhead Door was improperly joined. Sam's repeatedly claims that January 29, 2020, the date of the site inspection, is the date on which it was determined that Overhead Door neither manufactured nor installed the bay door that allegedly caused Plaintiff's injuries.[20] According to Sam's, the information was provided orally to the other parties, via a statement by Overhead Door's representative, and following this disclosure, the deposition of the corporate representative of Overhead Door, scheduled for the following day, was cancelled upon agreement by counsel for all parties.[21] Sam's does provide an affidavit of defense counsel, dated February 14, 2020, the same date the Notice of Removal was filed, confirming the events of January 29, 2020.[22]

Plaintiff, on the other hand, argues that the Notice of Removal was untimely because "all the information Sam's needed to ascertain the removability of this case based on fraudulent joinder was available to Sam's when it received Plaintiff's Original Petition" because it "was in control of

---

[20] R. Doc. 6, p. 7.
[21] R. Doc. 6, p. 6.
[22] R. Doc. 1-1.

the bay-door and all information regarding the installation and maintenance of the bay-door."[23] Plaintiff further asserts that even if Sam's could not have detected "Overhead Door's fraudulent joinder" upon first receiving Plaintiff's Original Petition, it could have done so "by August 2019 when it received and responded to Plaintiff's written discovery and received Overhead Door's discovery."[24] Plaintiff's requests included requests for information about the installation of the bay door at issue as well as its maintenance records.[25] Per Plaintiff, "[i]f Sam's had been diligent in its investigation and response to Plaintiff's written discovery, it would have likely discovered the alleged fraudulent joinder."[26]

In his Original Petition, filed May 29, 2019, Plaintiff asserts that Overhead Door "provided the door to Sam's and/or had responsibilities for maintaining the door."[27] Plaintiff further alleges that "Defendants Sam's and Overhead Door caused the danger to be present and failed to warn Plaintiff."[28] This argument by Plaintiff, that his Original Petition, which clearly implicates Overhead Door, was sufficient to place Sam's on notice of Overhead Door's improper joinder because it was in control of the door and all information regarding the installation and maintenance of the bay door, is without merit.[29] First, according to Sam's, there was no report of an incident involving Plaintiff at the store in question on January 7, 2019.[30] Second, the Original Petition does not even specify which bay door allegedly malfunctioned and caused him harm, claiming only that he sustained injuries "when a bay door failed because its retention spring broke during normal

---

[23] R. Doc. 5-1, p. 5.
[24] R. Doc. 5-1, p. 5.
[25] R. Doc. 5-1, p. 5.
[26] R. Doc. 5-1, p. 6.
[27] R. Doc. 6-1, p. 2.
[28] R. Doc. 6-1, p. 2.
[29] Had the Original Petition placed Sam's on notice of the improper joinder of Overhead Door, the applicable removal statute would have been 28 U.S.C. § 1446(b)(1), *supra*. Because the Court finds that the Original Petition did not so notify Sam's, this statute is not applicable here.
[30] R. Doc. 6, p. 3.

use."[31] Third, Plaintiff makes only conclusory allegations about information Sam's has, without specifying the information or a particular document, or providing any evidence that Sam's did, in fact, have the information in question.[32] The Court therefore finds that receipt of the Original Petition by Sam's did not trigger the 30-day time limit for removal.

Because the time limit was not triggered by service of the Original Complaint, removal here is governed by 28 U.S.C. § 1446(b)(3), as stated above. The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b) [now known as 1446(b)(3)]."[33] *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). Thus, the question is when it became "unequivocally clear and certain" that Overhead Door was improperly joined and the case, therefore, was removable.

Plaintiff argues that the next date triggering removal was August 2019, when Sam's received and responded to Plaintiff's written discovery and received Overhead Door's discovery, in part because Plaintiff's requests included requests for information about the installation of the bay door and its maintenance records.[34] At the outset, it is clear to the Court that the discovery

---

[31] R. Doc. 6-1, p. 2.

[32] In support of his argument, Plaintiff cites to *Crews v. Nat'l Boat Owners Ass'n (NBOA) Marine Ins. Agency, Inc.*, No. 5-1057, 2006 WL 902269 (M.D. Ala. Apr. 6, 2006). In *Crews*, the court found that the initial complaint provided a clue to the existence of diversity of citizenship of the parties, namely, that the last page of the complaint listed service addresses for each of the defendants in states other than Alabama, the state of the plaintiff's residence. *Id.* at *2. In addition, an attachment to the complaint also contained the addresses of the defendants, showing them residing outside of Alabama. *Id.* at *2. Thus, per the *Crews* court, the removal time period began to run upon service of the complaint. *Id.* at *3. This case is distinguishable from the instant matter, where Plaintiff cannot point to a single document, or reference thereto, that would in any way indicate Overhead Door's improper joinder.

[33] As explained in *Credeur v. York Claim Serv.*, No. 13-1367, 2013 WL 4814231, at *3 (W.D. La. Sept. 9, 2013): "Prior to the revision of Section 1446 effective December 7, 2012, the text that now appears in Section 1446(b)(1) was the first paragraph of Section 1446(b) (with certain minor revisions), while the text that now appears in Section 1446(b)(3) was a part of the second paragraph of Section 1446(b). Therefore, the jurisprudence predating December 7, 2012 and referring to the first and second paragraphs of Section 1446(b) now pertains to Section 1446(b)(1) and (3), respectively."

[34] R Doc. 5-1, p. 5.

requests by Plaintiff to Sam's, which request information about the installation of the door and its maintenance records,[35] are just that, requests for information. They in no way clearly and unequivocally establish that Overhead Door was improperly joined and do not provide any information that would even indicate such, as was the case in *Crews*. Similarly, while Overhead Door's discovery did reflect that Overheard Door ceased maintenance on doors at Sam's in 2014 and, therefore, was not in charge of maintaining the door at issue at the time of Plaintiff's incident in 2019, that information did not establish whether Overhead Door had "provided the door to Sam's," as alleged in its Original and First Amended Petitions.[36] The Court finds that the time period for removal was not triggered in August 2019 either.

The Court here agrees with Sam's that January 29, 2020, was the first date on which it was clear and unequivocally certain that Overhead Door did not provide or install the bay door at issue. Combined with the previously-provided maintenance records, the statement by Overhead Door's corporate representative was sufficient to show that no cause of action could be asserted against Overhead Door related to Plaintiff's incident. However, this information alone is not enough to trigger the time period for removal; § 1446(b)(3) sets forth additional requirements that must be met for removal under that statute, including the provision of "other paper."

### 2. Whether the "other paper" requirement of 28 U.S.C. § 1446(b)(3) has been met

As provided by 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

---

[35] Plaintiff cites to interrogatories 1, 5, 6, and 11 and requests for production 28, 29, 30, 42, and 76. R. Doc. 5-1, p. 5.
[36] R. Doc. 6-1, p. 2; R. Doc. 1-9, p. 285.

has become removable." Thus, proper removal requires the receipt of a pleading, motion, order, or "other paper," from which the removability of the case can be discerned.

The Fifth Circuit has treated improper joinder cases somewhat differently than other cases that become removable under § 1446(b)(3). For instance, generally, "[i]n the context of the 'other paper' doctrine generally, a case becomes removable only when a 'voluntary act' of the plaintiff makes it ascertainable for the first time that a case is removable." *Schaefer*, 2011 WL 1656081, at *3 (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)). This has been described as the "long-standing 'voluntary-involuntary rule'." *Delaney*, 41 F.Supp.2d at 677. However, in the context of improper joinder, the Fifth Circuit has not imposed the voluntary act requirement. *Schaefer*, 2011 WL 1656081, at *3 (citing *Jernigan*, 989 F.2d at 815); *see also Crockett*, 436 F.3d at 532 ("Courts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder.") (citation omitted). Thus, no voluntary act by Plaintiff here is needed for the case to be removable under § 1446(b)(3).

Similarly, as a general rule, "the defendant's subjective knowledge cannot convert a case into a removable action." *Bosky*, 288 F.3d at 210 (citation omitted). However, in cases involving fraudulent joinder of a nondiverse defendant, these restrictions do not apply. *See Ayres*, 571 F.Supp.2d at 775 n.7 (W.D. Tex. 2008) (finding the holding in *SWS Erectors*, *supra*, that an affidavit based on defendant's subjective knowledge did not constitute "other paper" for purposes of § 1446(b) "does not appear to apply in the fraudulent joinder context, because a subjective act by a defendant would fall under the voluntary-involuntary exception recognized by the Fifth Circuit in fraudulent joinder cases.") (citing *Delaney*, 41 F.Supp.2d at 677-78).

Because no voluntary action by Plaintiff is required here, and a defendant's subjective knowledge of can be included in "other paper," the question remaining before the Court is whether the other requirements of § 1446(b)(3) have been met, specifically, whether there was "receipt" of "other paper" by Sam's sufficient to trigger removability under that statute. In *Morgan v. Huntington Ingalls, Inc.*, the Fifth Circuit closely examined the language of § 1446(b)(3) to determine whether oral testimony at a deposition constituted "other paper" within the statute. 879 F.3d 602 (5th Cir. 2018). In finding that, unlike a deposition transcript, oral testimony does not constitute "other paper, the Court stated,

> The plain meaning of each of these words suggests that the information giving notice of removal must be contained in a writing. The defendant must actually "receive" a "copy" of the pertinent information. To say that a defendant receives a copy of the information upon oral testimony defies logic. The definition of "paper" contemplates a written "document" or "instrument." The definition of "copy" specifically states that the "double" must be in "writing." Oral testimony is not a written document or instrument. Further, as *Bosky* [*supra*] explains, "ascertain" requires a high level of certainty.

*Id.* at 609. While not an improper joinder case, the *Morgan* decision reflects the Fifth Circuit's interpretation of § 1446(b) as requiring receipt of a copy of a written document. The question, then, is whether oral statements in the context of improper joinder are sufficient to trigger removability, or whether in all contexts a written, tangible "other paper" is required.

Here, Sam's continually references the oral statement by the corporate representative of Overheard Door, which unequivocally establishes that Overhead Door did not manufacture or install the bay door at issue. However, Sam's does not ever identify the "other paper" that § 1446(b)(3) requires to trigger removability. Because the deposition of that representative was canceled, there is no deposition transcript to which Sam's can point. The only possible tangible document that could be considered "other paper" here is the affidavit executed by counsel for

Sam's, attesting to the events of January 29, 2020. However, as explained below, the Court finds this document does not constitute sufficient "other paper."

In the removal cases based on the improper joinder of a nondiverse defendant reviewed by this Court, the courts required an identifiable "other paper" alerting the defendant to the improper joinder to trigger the time limit for removal under § 1446(b). *See, e.g., Jernigan*, 989 F.2d 812 (answer of nondiverse defendant revealed fraudulent joinder to diverse defendant, commencing removal period.under § 1446(b)); *Turbine Generation Servs.*, 2020 WL 2758971, at *5 (failure to file a proof of claim in a bankruptcy proceedings "is not based upon information in a tangible document," "is not an 'other paper'," and "removal is not ascertainable from that inaction").

In *Ayres v. Sears*, *supra*, a removal case under § 1446(b) based on the improper joinder of a nondiverse defendant, the court there found that an affidavit by the nondiverse defendant store manager, which was prepared with that defendant's subjective knowledge, constituted "other paper" under § 1446(b). *Ayres*, 571 F.Supp.2d at 775 n.7. Such is not the case here, however, where the affidavit was created by the diverse defendant, based on an oral statement by the nondiverse defendant. Counsel for Sam's, not Overheard Door or its counsel, attested to the fact that Overheard Door stated it did not install or manufacture the bay door at issue here. In addition, there was no "receipt" of this affidavit by Sam's, as required by the statute, because Sam's prepared it. It, therefore, cannot be "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Thus, the Court finds no "other paper" was here received by Sam's. Because no "other paper" was received, the Court finds that Sam's removal under § 1446(b) was premature. *See McLain v. Am. Int'l Recovery, Inc.*, 1 F.Supp.2d 628, 631 (S.D. Miss. 1998) (failure to respond to a request for a stipulation regarding

the amount in controversy does not constitute "other paper" or an "amended pleading"; because § 1446(b) was, therefore, not triggered, case was removed prematurely).

The Fifth Circuit has admonished district courts that "[t]he removal statute is…to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). Accordingly, it is recommended that Plaintiff's Motion to Remand be granted and that this matter be remanded to state court.

### III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **GRANTED** and this matter be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 8, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**